Mr. Justice Negrón Fernández did not participate herein.

FERNÁNDEZ & CO., INC., Plaintiff and Appellant, *v.* JUAN HUERTAS NÚÑEZ, Defendant and Appellee.

No. 9797.   Argued March 10, 1949.—Decided May 26, 1949.

---

*Miranda & Miranda Esteve* for appellant. *Diego E. Ramos* for appellee.

MR. CHIEF JUSTICE DE JESÚS delivered the opinion of the Court.

The question for decision in this appeal is whether the date on which certain merchandise should have been shipped by the vendor, was an essential condition in the contract of sale. The appellant, whom we shall hereinafter call the plaintiff, sold to the appellee, whom we shall call the defendant, a certain amount of lard to be shipped "by SS. Cape San Antonio, of the Lykes Line, scheduled to leave on November 30." The boat did not leave until December 13 because of a strike in the Gulf region, and naturally, the merchandise arrived on a date subsequent to that reasonably expected by the defendant. The latter, upon being notified of the arrival of the merchandise refused to receive it because the contract of sale had not been fulfilled. The plaintiff maintains that it complied with the contract because the merchandise was shipped on the first trip made by SS. San Antonio after November 30. Plaintiff further urges that the essential condition of the contract was that the shipment be made on the boat in question and that the date was immaterial, it having been merely expressed to describe the boat on which the merchandise was to be sent. It claims that the reason why defendant refused to receive the merchandise was because its price had gone down upon its arrival at Puerto Rico.

■■ In every mercantile contract of sale the date of delivery of the thing sold is an essential condition. This is so in order to protect the purchaser from the constant fluctuations of the market. For this reason the date of ship-

ment was an essential condition for it fixed approximately the day on which the purchaser was to expect the merchandise and able to secure the estimated profit.

As a general rule, when dealing with freight, the boat on which it is shipped plays no important role. If that merchandise would have left the Gulf about November 30 on any other boat due at Puerto Rico on the date on which SS. Cape San Antonio should have arrived if it had left at the last mentioned date, the plaintiff would have substantially complied with the contract and defendant would have had no reason for refusing the merchandise. Incidentally, SS. Cape San Antonio was scheduled to leave on a date agreeable to the defendant, but the record does not show that the boat had any special condition to induce the defendant to prefer it to any other boat leaving on that same date. *McFaddin Rice Milling Co.* v. *Maldonado*, 31 P.R.R. 450, is perfectly in point. It is true that in the contract involved therein the name of the boat supposed to bring the merchandise was not mentioned, but this circumstance marks no substantial distinction from the case at bar. The *ratio decidendi* was that the merchandise did not reach the hands of the purchaser on the date that it could have been reasonably expected in order to offer it for sale and be able to obtain the benefit that induced the purchaser to make the contract.

The existence of a strike which prevented the boat from leaving on the date agreed upon does not excuse the plaintiff from performing the contract. The strike is not a fortuitous event and plaintiff could have easily foreseen it and taken the necessary steps to protect himself from that contingency. He could have made the proper stipulation in the contract. *McFaddin Rice Milling Co.* v. *Maldonado*, *supra*.

The judgment will be affirmed.